IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KULWINDER KAUR, et al.,

        Plaintiffs,                No. CIV S 13-0089 KJM EFB

     v.

RAKWINDER SINGH, et al.,        ORDER

        Defendants.

        Defendant Rakwinder Singh ("defendant") has filed a motion to dismiss a complaint filed by plaintiffs Kulwinder Kaur, Charnpreet Singh and Jaspreet Singh (collectively "plaintiffs"). The court ordered the motion submitted without argument and now DENIES the motion to dismiss.

I. BACKGROUND

        On January 16, 2013, plaintiffs filed a complaint alleging that they are the heirs of Makhan Singh (decedent); that Cloud 9 Logistics, a Washington business, hired decedent as a commercial truck driver; that on or about July 21, 2011, during the scope and course of his employment, decedent was killed when a truck negligently operated by defendant was involved in an accident; that plaintiffs sought to file a workers' compensation claim, but were told Cloud 9 Logistics did not carry workers' compensation insurance. ECF No. 1 ¶¶ 1-12.

Defendant moves to dismiss on the ground that plaintiffs' claims are barred by California's Workers' Compensation Act, which provides the exclusive remedy for injuries and death arising out of and occurring during the course and scope of a worker's employment. Defendant says that whether the motion is considered a motion to dismiss for failure state a claim or for lack of subject matter jurisdiction, it should be granted. The motion is flawed procedurally and meritless substantively, as explained below.

II. JURISDICTION

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377–78 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte* by the court. FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1983). A Rule 12(b)(1) jurisdictional attack may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

By contrast, in a factual attack, the challenger provides evidence that an alleged fact is false, or a necessary jurisdictional fact is absent, resulting in a lack of subject matter jurisdiction. *Id*. In these circumstances, the allegations are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

III. <u>STANDARDS FOR A MOTION TO DISMISS</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of

judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

IV.  ANALYSIS

This court's standing order, available on the court's website, requires counsel to engage in a meet and confer before filing any motion and to certify in any notice of motion that meet and confer efforts have been exhausted. As defendant's counsel has not certified that he conferred with plaintiffs' counsel, his motion is subject to being stricken.

Whatever its procedural failings, the motion has no merit. Defendant is correct that California Labor Code § 3600 generally "establishes the exclusive jurisdiction of the workers' compensation system by furnishing an employer immunity from civil liability for any injury sustained by an employee and his or her dependents arising out of and in the course of his or her employment." *LeFiell Mfg. Co. v. Superior Court*, 55 Cal. 4th 275, 283 (2012). Although defendant does not cite it, California Labor Code § 3601(a) extends this immunity to situations where the injury or death was caused by a fellow employee, unless the employee was intoxicated or physically attacked the decedent without provocation. When the employer "fails to secure the payment of compensation as required by this division," the employee or his dependents "may bring an action at law against such employer for damages, as if this division did not apply." CAL. LAB. CODE § 3706; *see also LeParc Cmty. Ass'n v. Workers' Comp. Appeals Bd.*, 110 Cal. App. 4th 1161, 1173 (2003). A plaintiff in a civil action must plead, and ultimately prove, that the employer failed to carry insurance. *Coleman v. Silverberg Plumbing Co.*, 263 Cal. App. 2d 74, 79 (1968). Plaintiffs have satisfied the pleading requirement by alleging that Cloud 9 Logistics had not secured workers' compensation insurance. ECF No. 1 ¶ 12.

1  In reply, defendant argues for the first time it is not sufficient for plaintiff to plead
2 that Cloud 9 Logistics did not carry workers' compensation insurance, but instead plaintiff must
3 provide documentary evidence.  ECF No. 17 at 2.  Defendant has provided no authority, state or
4 federal, for this proposition.  This court declines to read the requirement that a plaintiff "plead
5 and prove that [the employer] violated section 3700 by not carrying the workmens'
6 compensation required" *Coleman*, 263 Cal. App. 2d at 79, to mean that a plaintiff must support a
7 complaint with documentary evidence.  To the extent defendant's reply may be read as a factual
8 attack on subject matter jurisdiction, it is insufficient, as he has provided no evidence that the
9 necessary jurisdictional fact -- in this case, Cloud 9's failure to carry workers' compensation
10 insurance -- is absent.  *Safe Air for Everyone*, 373 F.3d at 1039 (discussing the requirements for
11 a factual challenge to subject matter jurisdiction).
12  IT IS THEREFORE ORDERED that defendant's motion to dismiss, ECF No. 9,
13 is denied.
14 DATED:  April 30, 2013.

_____
UNITED STATES DISTRICT JUDGE