UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULWINDER KAUR, et al., | No. 2:13-cv-00089-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| RAKWINDER SINGH, et al., | |
| Defendants. | |

On April 25, 2014, the court heard argument on defendant Rakwinder Singh's motion for summary judgment. Philip Ganong appeared for plaintiffs; Craig Roeb appeared for defendant Rakwinder Singh. After considering the parties' papers and arguments, the court GRANTS defendant Rakwinder Singh's motion for summary judgment.

Also before the court is plaintiffs' May 7, 2014 motion to amend the complaint. For the reasons set forth in this order, plaintiffs' motion is DENIED.

I.      RELEVANT PROCEDURAL BACKGROUND

On July 21, 2011, a commercial trucking accident in California occurred in which decedent Makhan Singh ("decedent") was killed. Compl. ¶ 10, ECF No. 1.

In November 2011, defendant Rakwinder Singh ("defendant"), the driver of the commercial truck at the time of the accident, filed a claim for workers' compensation benefits with the Washington Department of Labor and Industries ("WDLI"). Def.'s Reply to Pls.'

1  Response to Statement of Undisputed Facts, ECF No. 51-4, ¶ 7.  His claim was accepted, *id.* ¶ 8,
2  and WDLI charged defendant Cloud 9 Logistics ("Cloud 9") retroactively for industrial insurance
3  beginning on July 1, 2011, *id.* ¶¶ 9–10.

4         On or around July 20, 2012, plaintiffs Kulwinder Kaur, Charnprett Singh and
5  Jaspreet Singh ("plaintiffs"), heirs of decedent, filed a workers' compensation claim with the
6  California Department of Industrial Relations ("CDIR") for benefits relating to decedent's death
7  "while he was in the course and scope of his employment with Cloud 9."  *Id.* ¶ 13.

8         On or about December 27, 2012, plaintiffs' workers' compensation attorney
9  received a letter from Cloud 9, addressed to CDIR, *id.* ¶ 14, explaining Cloud 9 is a Washington-
10 based company, maintains workers' compensation insurance in Washington, *id.*, decedent was a
11 trainee at the time of the accident and defendant was covered by WDLI, *id.* ¶ 15.

12        On January 16, 2013, plaintiffs initiated this action alleging a claim for wrongful
13 death under California Labor Code section 3706.  ECF No. 1.  Plaintiffs name Singh and Cloud 9
14 as defendants.  *Id.*  Singh was served on January 23, 2013 and Cloud 9 was served on February 6,
15 2013.  ECF Nos. 6 & 13.

16        On February 11, 2013, defendant filed a motion to dismiss on the ground that
17 plaintiffs' claims were barred by California's Workers' Compensation Act, which provides the
18 exclusive remedy for injuries and death arising out of and occurring during the course and scope
19 of a worker's employment.  ECF No. 9.  On May 1, 2013, the court denied defendant's motion to
20 dismiss because plaintiffs satisfied the pleading requirements by alleging Cloud 9 was an
21 uninsured employer.  ECF No. 20.

22        On May 20, 2013, defendant filed a crossclaim against Cloud 9.  ECF Nos. 21 &
23 23 (duplicate crossclaims).

24        On November 1, 2013, plaintiffs submitted a workers' compensation claim with
25 WDLI, subscribing under oath that decedent was employed by Cloud 9 and attaching a copy of
26 the letter from Cloud 9 indicating decedent was a trainee.  Def.'s Reply to Pls.' Response to
27 Statement of Undisputed Facts ¶¶ 16–17.  The claim was denied on December 6, 2013, because
28 plaintiffs did not submit their workers' compensation claim within the one-year statute of

limitations. *Id.* ¶ 20. Plaintiffs' sought reconsideration of the decision, *id.* ¶ 22, which was affirmed based on plaintiffs' noncompliance with the statute of limitations, *id.* ¶ 23.

On February 5, 2014, plaintiffs' request for clerk's entry of default as to Cloud 9 was granted. ECF Nos. 35 & 36.

On March 14, 2014, defendant moved for summary judgment on plaintiffs' claim against him. ECF No. 37. Plaintiffs opposed on April 11, 2014 (ECF No. 43) and defendant replied thereto on April 18, 2014 (ECF No. 51).

On May 7, 2014, plaintiffs' filed a motion to amend the complaint. ECF No. 53. The motion hearing is presently set for June 20, 2014. ECF No. 54.

II.   STANDARD FOR A SUMMARY JUDGMENT MOTION

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[1]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no *genuine* issue of *material*

---

[1] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56 Advisory Committee's Note (2010 Amendments).

3

fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

A court may consider evidence as long as it is "admissible at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). "Admissibility at trial" depends not on the evidence's form, but on its content. *Block v. City of L.A.*, 253 F.3d 410, 418–19 (9th Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 324). The party seeking admission of evidence "bears the burden of proof of admissibility." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir. 2002). If the opposing party objects to the proposed evidence, the party seeking admission must direct the district court to "authenticating documents, deposition testimony bearing on attribution, hearsay exceptions and exemptions, or other evidentiary principles under which the evidence in question could be deemed admissible . . . ." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385–86 (9th Cir. 2010). However, courts are sometimes "much more lenient" with the affidavits and documents of the party opposing summary judgment. *Scharf v. U.S. Atty. Gen.*, 597 F.2d 1240, 1243 (9th Cir. 1979).

III.     REQUESTS FOR JUDICIAL NOTICE

Both parties ask the court to take judicial notice of documents provided in support of their briefs. Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of an adjudicative fact, which "must be one not subject to reasonable dispute in that it is either (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." While matters of public record are generally subject to judicial notice, *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Lee v. City of*

1 *L.A.*, 250 F.3d 668, 689 (9th Cir. 2001), it ultimately is a proponent's burden to show facts
2 contained in documents are proper subjects of judicial notice.  *Hurd v. Garcia*, 454 F. Supp. 2d
3 1032, 1054–55 (S.D. Cal. 2006).

     A.  Defendant's Requests

5         Defendant asks the court take judicial notice of plaintiffs' complaint and the
6 declaration of one of plaintiffs' attorneys, Craig A. Roeb, which attaches the following exhibits:
7 (1) plaintiffs' complaint; (2) a collision report regarding the July 21, 2011 accident; (3) excerpts
8 from the deposition of Brent Dearing, a WDLI employee; (4) excerpts from the deposition of
9 Craig A. Paul, one of plaintiffs' workers' compensation attorneys; (5) a July 20, 2012 letter from
10 Craig A. Paul submitting plaintiffs' claim to California's Uninsured Employers Benefits Trust
11 Fund; (6) a December 3, 2012 letter from Cloud 9 to California's Department of Industrial
12 Relations; (7) a November 1, 2013 letter from Craig A. Paul to Brent Dearing; (8) a December 6,
13 2013 WDLI decision on plaintiffs' workers' compensation claim; (9) a February 11, 2014 WDLI
14 decision on plaintiffs' appeal; (10) Plaintiff Kaur's Responses to Interrogatories; (11) Plaintiff
15 Kaur's Amended Responses to Interrogatories; (12) Plaintiffs' October 21, 2013 workers'
16 compensation claim filed with WDLI; (13) Cloud 9's employer liability certificate; and
17 (14) Cloud 9 Logistics, Ltd.'s corporate registration.  ECF No. 37–3; *see also* Def.'s
18 Compendium of Evidence in Supp. of Mot. for Summ. J., ECF No. 37–2 at 4.  Plaintiffs do not
19 oppose the request.

20         With regard to plaintiffs' complaint, it is unnecessary to take judicial notice of
21 documents already in the record.  *See Aguirre v. Home Depot U.S.A., Inc.*, No. 1:10–cv–00311–
22 LJO–GSA, 2012 WL 3639074, at *7 (E.D. Cal. Aug. 23, 2012) (citing *Lew v. U.S. Bank Nat.*
23 *Ass'n*, No. C 11–4546 RS, 2012 WL 1029227, at *1 n.1 (N.D. Cal. Mar. 26, 2012)).  This request
24 is denied.

25         With regard to the traffic collision report, while some public records are the proper
26 subject of judicial notice, generally a court may decline to take judicial notice of a police report.
27 *See*, *e.g.*, *Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985) (holding that the existence and
28 content of a police report are not properly the subject of judicial notice), *cited with approval by*

1  *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).  However, in this action, defendant
2  offers the police report to establish defendant was driving the commercial truck during the
3  accident that killed decedent and injured defendant.  Plaintiffs do not dispute these facts.  *See*
4  Def.'s Reply to Pls.' Response to Statement of Undisputed Facts ¶¶ 4–6.  This request is granted.

5  With regard to the deposition excerpts, a deposition transcript is not a proper
6  matter for judicial notice.  *See Provencio v. Vazquez*, 258 F.R.D. 626, 638 n.4 (E.D. Cal. 2009)
7  ("a deposition . . . [is] not judicially noticeable under Federal Rule of Evidence 201(b)").  This
8  request is denied.

9  With regard to the correspondence and documents related to plaintiffs' workers'
10 compensation claims in California and Washington, the documents are records of an
11 administrative body and plaintiffs do not dispute their authenticity.  *See* Def.'s Reply to Pls.'
12 Response to Statement of Undisputed Facts ¶¶ 13–17, 20, 22–24; *City of Sausalito v. O'Neill*,
13 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) (a court "may take judicial notice of a record of a state
14 agency not subject to reasonable dispute").  These requests are granted.

15 With regard to plaintiff Kaur's verified responses to defendant's interrogatories,
16 because plaintiffs accepts them, these "facts" are "not subject to reasonable dispute."  FED. R.
17 EVID. 201(b); *see also* Def.'s Reply to Pls.' Response to Statement of Undisputed Facts ¶¶ 26–27.
18 These requests are therefore granted.

19 Finally, with regard to Cloud 9's employer liability certificate and corporate
20 registration, these documents are either generally known or "capable of accurate and ready
21 determination by resort to sources whose accuracy cannot reasonably be questioned."  FED. R.
22 EVID. 201(b).  These requests are granted.

23   B.  Plaintiffs' Requests

24 Plaintiffs asks the court to take judicial notice of the following:  (1) Wash. Rev.
25 Code § 51.12.120; and (2) the published decision in *Clausen v. Department of Labor &*
26 *Industries*, 15 Wash. 2d 62 (1942).  ECF No. 44.  Defendant opposes plaintiffs' request, arguing
27 the statute is irrelevant in light of plaintiffs' allegation that decedent was employed by Cloud 9.
28 ECF No. 51–2 at 11–12.  A court may take judicial notice of the statutes of another state.

6

*Von Segerlund v. Dysart*, 137 F.2d 755, 758 (9th Cir. 1943) (citing *Lamar v. Micou*, 114 U.S. 218, 223 (1885); *Bowen v. Johnston*, 306 U.S. 19, 23 (1939)).  With regard to the *Clausen* decision, although unnecessary because it involves an officially published decision of the Washington Supreme Court, courts may take judicial notice of state court decisions.  *See Rouser v. White*, 630 F. Supp. 2d 1165, 1172 n.1 (E.D. Cal. 2009) (("A court may take judicial notice of orders and filings in another court.") (citing *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002))).  Plaintiffs' request in this respect is therefore granted.

IV.     EVIDENTIARY OBJECTIONS

Defendant raises fourteen objections to plaintiffs' evidence in opposition to summary judgment.  ECF No. 51–2.  The court addresses one objection below.  The court will not address any relevance objections:  because it may rely only on relevant evidence in addressing the motion, its citation to evidence subject to a relevance objection means the objection has been overruled.  *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) (stating that relevance objections are redundant because a court cannot rely on irrelevant facts in resolving a summary judgment motion).  The court resolves other objections only to the extent it finds the disputed evidence has any bearing on the issues before it.  *Schwarz v. Lassen Cnty. ex rel. Lassen Cnty Jail*, No. 2:10–cv–03048–MCE–CMK, 2013 WL 5425102, at *13 (E.D. Cal. Sept. 27, 2013) (extensive evidentiary objections undercut the goals of judicial efficiency and avoiding costly litigation); *Olenicoff v. UBS AG*, No. SACV 08–1029 AG (RNBx), 2012 WL 1192911, at *7 (C.D. Cal. Apr. 10, 2012) ((""[o]n motions with voluminous objections, 'it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised.'") (quoting *Capitol Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010))).

Finally, to the extent many of the objections are "'boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence,'" the court will not "scrutinize each objection and give it a full analysis." *Stonefire Grill, Inc. v. FGF Brands, Inc.*, ___ F. Supp. 2d ___, 2013 WL 6662718, at *4 (C.D. Cal. Aug.

/////

7

16, 2013) (quoting *Doe v. Starbucks, Inc.*, No. SACV 08–0582 AG (CWx), 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009)).

Defendant objects to the declaration of Charnjit Singh ("Charnjit"), decedent's brother-in-law, arguing "[p]laintiffs are barred by Rule 37(c)(1) from using Charnjit to supply evidence" in their opposition. ECF No. 51-2 at 8; *see* Pls.' Statement of Disputed Facts in Opp'n to Mot. for Summ. J., Ex. 3, ECF No. 46 (Charnjit declaration). Defendant argues because plaintiffs did not identify Charnjit as a witness, allowing the declaration will prejudice him because the April 5, 2014 discovery cutoff has passed thus preventing him from deposing Charnjit. ECF No. 51-2 at 9. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." During oral argument, the court questioned plaintiffs' counsel regarding the late disclosure concerning Charnjit. Plaintiffs' counsel argued simply that defendant could have deposed Charnjit. However, as defendant points out, discovery closed nearly one week before plaintiffs submitted Charnjit's declaration with their April 11, 2014 statement of undisputed facts. Plaintiffs have not shown their late disclosure of Charnjit as a witness was either substantially justified or harmless. Rule 37(c)(1)'s exclusion sanction is mandatory. Charnjit's declaration is excluded.

V.     UNDISPUTED FACTS

When the parties agree a fact is undisputed, the court refers to their agreement rather than to the portions of the record supporting the agreement. When the facts are disputed, the court notes the disagreement and cites to the supporting record. The court does not cite to any facts that are irrelevant to resolution of the pending motion.

Cloud 9 is a commercial trucking company with a principal place of business in the State of Washington. Def.'s Reply to Pls.' Response to Statement of Undisputed Facts ¶ 1. In or about July 2011 decedent was hired by Cloud 9 as a truck driver. *Id.* ¶ 2. Plaintiffs now dispute this fact, arguing decedent told his spouse, plaintiff Kaur, hours before the accident he had not been hired because he lacked experience. Defendant replies that "plaintiffs' post-MSJ

8

contention that [decedent] was not employed by Cloud 9 is irreconcilably inconsistent with the allegations in their Complaint." *Id.* For the reasons explained below, the court finds plaintiffs are barred from disputing that decedent was employed by Cloud 9.

Defendant was employed by Cloud 9 as a commercial truck driver. *Id.* ¶ 3. In the early morning of July 21, 2011, decedent was a passenger in the commercial truck driven by defendant. *Id.* ¶ 4. The truck was involved in an accident on southbound Interstate 5 in Kern County, California. *Id.* Decedent was killed in the accident and defendant sustained injuries. *Id.* ¶ 5.

In or about November 2011, defendant filed a claim for workers' compensation with WDLI. *Id.* ¶ 7. The claim was accepted and defendant received benefits for the injuries sustained in the July 2011 accident. *Id.* ¶ 8. At the time defendant filed his claim, Cloud 9 did not have an account with WDLI . *Id.* ¶ 9. WDLI retroactively charged Cloud 9 for industrial insurance beginning on July 1, 2011. *Id.* ¶ 10. In that regard, a WDLI employee testified during his deposition that WDLI is required to provide an employee with benefits and it does not wait for an employer to pay the cost of insurance to allow claims. *Id.* ¶ 11. Thus, WDLI would have paid defendant's claim "[i]rrespective of the status of Cloud 9's workers' compensation insurance compliance at the time [he] filed his claim." *Id.* ¶ 12.

Following plaintiffs' July 20, 2012 filing of their workers' compensation claim with CDIR, *id.* ¶ 13, on or about December 27, 2012, plaintiffs' workers' compensation attorney received a letter from Cloud 9 addressed to CDIR. *Id.* ¶ 14; *see also* Def.'s Compendium of Evidence in Supp. of Mot. Summ. J., Ex. F. In the letter, Cloud 9 explains it is a Washington-based company and maintains workers' compensation insurance in Washington. *Id.* The letter also indicates decedent was a trainee at the time of the accident and defendant was covered by WDLI. *Id.* ¶ 15.

Plaintiffs' subsequent WDLI claim, filed November 1, 2013, *id.* ¶¶ 16–17, was assigned to Brent Dearing who testified at deposition that decedent would have been covered by WDLI. *Id.* ¶ 18–19. Plaintiffs' claim for benefits was denied by WDLI, however, because it was not filed within one year of the accident. *Id.* ¶ 20. Plaintiffs dispute whether there was any other

9

1 reason for the claim being denied, including whether Dearing made an official or formal

2 determination. *Id.*  Plaintiffs sought reconsideration of WDLI's denial of their claim; WDLI

3 affirmed the denial because they failed to comply with the requisite statute of limitations. *Id.*

4 ¶¶ 22–24.

5 The allegations in plaintiffs' operative complaint expressly allege decedent was

6 employed by Cloud 9 and was killed during the course of his employment. *Id.* ¶ 25.  In her initial

7 verified responses to defendant's interrogatories, dated July 23, 2013, plaintiff Kaur identifies

8 Cloud 9 as one of decedent's employers. *Id.*, Ex. J.  On November 20, 2013, plaintiff Kaur

9 amended her responses to defendant's interrogatories to change her statement that "decedent got

10 hired" to "when decedent believed he got hired." *Id.* ¶¶ 26–27.  Plaintiff Kaur's amended

11 responses to defendant's interrogatories indicate decedent "completed pre-employment drug

12 testing, as well as paperwork related to his employment" such as accident or medical insurance.

13 Def.'s Compendium of Evidence in Supp. of Mot. Summ. J., Ex. K.

14 In both workers' compensation claims, filed in California and Washington,

15 plaintiffs state decedent was employed by Cloud 9.  Def.'s Reply to Pls.' Response to Statement

16 of Undisputed Facts ¶¶ 28–29.

17 Cloud 9 did not pay wages to decedent or his spouse, plaintiff Kaur.  Def.'s Reply

18 to Pls.' Separate Statement of Disputed Facts, ECF No. 51-3 ¶ 4.  Cloud 9 did not notify WDLI

19 decedent was an employee killed in the course and scope of employment.  *Id.* ¶ 6.

20 VI.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

21 Defendant moves for summary judgment on the ground that Washington's

22 workers' compensation statute applies to this action and bars plaintiffs' claim.  Def.'s Mot. for

23 Summ. J. ("Mot."), ECF No. 37, at 9.  Defendant argues decedent was employed by Cloud 9 and

24 plaintiffs' only remedy for relief is through a workers' compensation claim in Washington, Cloud

25 9's principal place of business.  *Id.* at 9–10 (citing WASH. REV. CODE § 51.04.010).  In

26 opposition, plaintiffs rely on their current argument that decedent was not an employee and the

27 statute therefore does not bar their claim.  Pls.' Opp'n to Mot. (Opp'n), ECF No. 43, at 2.  In

28 support of their argument, plaintiffs proffer evidence showing decedent told his wife, plaintiff

10

1  Kaur, he had not been hired because he needed more training. *Id.*  Plaintiffs also support their
2  argument with the undisputed fact that Cloud 9 did not pay wages to decedent or his wife; nor did
3  it report decedent's death to WDLI. *Id.* at 2–3.

4      A.    Whether Plaintiffs Can Argue Decedent Was Not Employed By Cloud 9

5      As a threshold matter, the court must consider whether plaintiff can defeat
6  defendant's motion for summary judgment by setting forth new evidence that decedent was not
7  employed by Cloud 9.

8      Plaintiffs' complaint is brought under California Labor Code § 3706, which
9  provides an employee or his dependents may bring an action at law against an employer for
10 damages when the employer "fails to secure the payment of compensation." Compl. ¶ 13.
11 Plaintiffs' complaint alleges decedent was employed by Cloud 9 and was killed during the scope
12 of his employment when defendant, a Cloud 9 employee, negligently crashed the commercial
13 truck in which he and decedent were traveling. *Id.* ¶¶ 8–11. Plaintiffs claim that because Cloud 9
14 did not have workers' compensation insurance in California, they are entitled to seek recovery for
15 the wrongful death of decedent under California Labor Code § 3706. *Id.* ¶¶ 12–13. Plaintiffs
16 relied on this theory when opposing defendant's motion to dismiss in March 2013. *See* ECF
17 No. 14 at 2 (arguing "California law provides a plaintiff cumulative rights to bring a civil action
18 against" an uninsured employer) (citing *Strickland v. Foster*, 165 Cal. App. 3d 114 (1985).

19     In their opposition to the motion for summary judgment, plaintiffs now alter their
20 theory, arguing it is disputed whether decedent was employed by Cloud 9. In support of this new
21 argument, plaintiffs proffer the deposition testimony of plaintiff Kaur stating decedent told her
22 hours before the accident he was upset because Cloud 9 had not hired him. Pls.' Statement of
23 Disputed Facts in Opp'n to Def.'s Mot., Ex. 4. Plaintiffs also support their argument with the
24 facts that Cloud 9 never paid decedent or his spouse wages, nor did it notify WDLI decedent was
25 an employee killed in the course and scope of employment. Opp'n at 2–3; Def.'s Reply to Pls.'
26 Separate Statement of Disputed Facts ¶¶ 4 & 6.

27     Defendant responds that plaintiffs are bound by their complaint, which clearly
28 alleges decedent was employed by Cloud 9 and was injured during the course of his employment.

11

1  ECF No. 51 at 7–8; *see also* Compl. ¶ 25.  Defendant notes plaintiffs never sought to amend the
2  complaint[2] and argues "[p]laintiffs cannot benefit from their own inaction by taking
3  irreconcilably inconsistent positions under oath, or attempt to introduce new facts and witnesses
4  at this stage in the litigation." *Id.* at 7.

5  A statement in a complaint is a judicial admission.  *Am. Title Ins. Co. v. Lacelaw*
6  *Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).  "'[U]nder federal law, stipulations and admissions in
7  the pleadings are generally binding on the parties and the Court.'"  *Id.* (quoting *Ferguson v.*
8  *Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986)) (alteration in
9  original).  "'Judicial admissions are formal admissions in the pleadings which have the effect of
10 withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'"  *Id.*
11 (quoting *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)).  "Where,
12 however, the party making an ostensible judicial admission explains the error in a subsequent
13 pleading or by amendment, the trial court must accord the explanation due weight."  *Sicor Ltd. v.*
14 *Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir. 1995).  When a plaintiff fails to provide a credible
15 explanation for the error, the court can disregard the contradictory evidence.  *Valdiviezo v. Phelps*
16 *Dodge Hidalgo Smelter, Inc.*, 995 F. Supp. 1060, 1065–66 (D. Ariz. 1997).

17 Plaintiffs' new evidence directly contradicts the allegations in their complaint.
18 Their opposition abandons the fundamental theory upon which their complaint relies, in an
19 apparent effort to avoid summary judgment.  Plaintiffs' attempt is unavailing.  *Lacelaw*, 861 F.2d
20 at 226; *accord Matthews v. Xerox Corp.*, 319 F. Supp. 2d 1166, 1171–72 (S.D. Cal. 2004).

21 While plaintiffs' counsel declares the allegations in plaintiffs' complaint "were
22 made before there was any discovery" and "[i]nvestigation was limited due to the defendants all
23 residing out of state," ECF No. 48 at 2; *see also* Opp'n at 4–5, the record before the court
24 discloses otherwise.  Plaintiff Kaur's deposition testimony indicates she had a conversation with
25 decedent the night of July 21, 2011, in which he said he was upset Cloud 9 had not hired him.

26

27  [2] Plaintiff's motion to amend, ECF No. 53, which was filed after the court heard oral argument on Singh's motion for summary judgment, is discussed separately following this
28  section.

12

But plaintiffs, including Kaur, operated under the belief decedent was employed by Cloud 9 when they filed workers' compensation claims under oath in California and Washington, and when responding to defendant's interrogatories. Plaintiffs' argument, in the face of summary judgment, that a dispute of fact exists as to whether decedent had an employment relationship with Cloud 9 is not credible. *See Valdiviezo*, 995 F. Supp. at 1065–66 (plaintiff's assertion of mistake in arguing employment handbook was enforceable contract not credible considering she had handbook since commencement of employment and did not change her belief for over a year "and only after Defendants moved to enforce the arbitration clause in that Handbook"); *accord Bauer v. Tacey Goss, P.S.*, No. C 12–00876 JSW, 2012 WL 2838834, at * 3 (N.D. Cal. July 10, 2012).

Plaintiffs are precluded from arguing at this stage of litigation that decedent was not employed by Cloud 9.

    B.    Analysis

Defendant argues decedent was employed by defendant Cloud 9, a Washington company, and Washington's Industrial Insurance Act therefore bars plaintiffs from seeking relief in a civil action.

The Washington Industrial Insurance Act provides, in relevant part:

> The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

WASH. REV. CODE ANN. § 51.04.010. "This provision is 'sweeping, comprehensive, and of the broadest, most encompassing nature.'" *Rushing v. ALCOA, Inc.*, 125 Wash. App. 837, 841 (2005) (quoting *Cena v. State*, 121 Wash. App. 352, 356 (2004)). "[T]he Industrial Insurance Act is remedial in nature and its beneficial purposes should be liberally construed in favor of beneficiaries." *Lightle v. Dep't of Labor & Indus.*, 68 Wash. 2d 507, 510 (1966) (en banc) (citing *Wilber v. Dep't of Labor & Indus.*, 61 Wash. 2d 439, 446 (1963) (en banc)). In other words, a

1   beneficiary must show, *inter alia*, the workman suffered an injury during the course of his
2   employment and as a direct result of the injury the workman died. *Id.*

3           "An employee injured by a coworker's negligence is limited to the remedies
4   provided by Washington's worker's compensation system" and "may not sue the coworker for his
5   negligence." *Brown v. Labor Ready Nw., Inc.*, 113 Wash. App. 643, 647 (2002) (citing WASH.
6   REV. CODE ANN. §§ 51.04.010 & 51.32.010). Thus, a negligent coworker is exempt from liability
7   under the Industrial Insurance Act, provided he was acting in the course of his employment at the
8   time the injury occurred. *Evans v. Thompson*, 124 Wash. 2d 435, 444 (1994) (en banc) (quoting
9   *Taylor v. Cady*, 18 Wash. App. 204, 206 (1977)); *see* WASH REV. CODE ANN. § 51.08.013
10  ("'acting in the course of employment' means the worker acting at his or her employer's direction
11  or in the furtherance of his or her employer's business").

12          "When employees are required by their employers to travel to distant jobsites,
13  courts generally hold that they are within the course of their employment throughout the trip,
14  unless they are pursuing a distinctly personal activity." *Ball-Foster Glass Container Co. v.*
15  *Giovanelli*, 163 Wash. 2d 133, 142–43 (2008) (en banc) (quoting *Shelton v. Azar, Inc.*, 90 Wash.
16  App. 923, 933 (1998)) (emphasis omitted). The traveling employee doctrine has been applied in
17  the context of an injury occurring outside the State of Washington while an employee is acting in
18  the course of his employment. *See Shelton*, 90 Wash. App. at 933–34 (citing *Hilding v. Dep't of*
19  *Labor & Indus.*, 162 Wash. 168 (1931)). "[T]he long-haul truck driver [is a] prototypical
20  example[] of [a] traveling employee[]." *Ball-Foster*, 163 Wash. 2d at 145.

21          In light of the record before the court, defendant was employed by Cloud 9 as a
22  commercial truck driver and was acting in the course of employment and in furtherance of Cloud
23  9's business. Def.'s Reply to Pls.' Response to Statement of Undisputed Facts ¶ 3. As discussed
24  above, plaintiffs are barred at this stage in the litigation from disputing that an employer-
25  employee relationship between decedent and Cloud 9 existed. *Lacelaw*, 861 F.2d at 226.
26  Accordingly, for purposes of the pending motion, decedent was employed by Cloud 9 and was
27  killed during the course and scope of his employment when defendant negligently crashed the
28  /////

1  commercial truck in which he and decedent were traveling.  Def.'s Reply to Pls.' Response to

2  Statement of Undisputed Facts ¶¶ 8–11, 25.

3        Decedent suffered an injury during the course of his employment with Cloud 9,

4  and perished as a result of the injury.  *Lightle*, 68 Wash. 2d at 510.  The injury was a result of

5  decedent's coworker's negligence while acting as a long-haul truck driver in the course of his

6  employment.  *Ball-Foster*, 163 Wash. 2d at 145.  Because Washington's Industrial Insurance Act

7  precludes civil causes of action against negligent coworkers for personal injuries suffered during

8  the course of employment, WASH. REV. CODE ANN. § 51.04.010, plaintiffs are limited to the

9  remedies provided by the Act, and are therefore barred from bringing a claim against defendant.

10 *Brown*, 113 Wash. App. at 647; *Evans*, 124 Wash. 2d at 444.

11        For the foregoing reasons, defendant's motion for summary judgment is

12 GRANTED.

13 VII.    PLAINTIFFS' MOTION TO AMEND

14        On May 7, 2014, nearly two weeks after the court heard oral argument on

15 defendant's motion for summary judgment, plaintiffs filed a motion to amend the complaint.

16 ECF No. 53.  Plaintiffs seek to accomplish the following: (1) correct the name of Cloud 9,

17 changing it from "Cloud 9 Logistics" to "Cloud 9 Logistics Ltd.;" (2) add an "alternative count"

18 under California Labor Code § 3706 alleging decedent was not an employee but "was an

19 authorized passenger at the time of his death;" and (3) add a claim for negligence and intentional

20 interference with plaintiffs' rights to obtain death benefits under Washington's Industrial

21 Insurance Act.  *Id.* at 3.  Plaintiffs aver "[t]his amendment is necessary to allow plaintiffs to

22 recover damages from Cloud 9 Logistics Ltd., who should be estopped from claiming the bar of

23 workers compensation should the court find that decedent was an employee of Cloud 9 Logistics,

24 Ltd., due to its breach of its legal duty to report which was a proximate cause of plaintiffs'

25 inability to recover benefits under the statute."  *Id.*

26        With regard to Cloud 9, the Clerk of the Court entered a default on February 5,

27 2014. ECF No. 36.  Accordingly, plaintiffs cannot proceed on their motion to amend the

28 complaint and add claims against Cloud 9.  Their motion to amend is DENIED.

With regard to defendant, a party seeking leave to amend pleadings after the deadline specified in the scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609. Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party, *id.*, and that party's reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

If good cause exists, the party next must satisfy Rule 15(a). *Cf. Johnson*, 975 F.2d at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987), for its explication of this order of operations). Federal Rule of Civil Procedure 15(a)(2) states, "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props.*, 866 F.2d at 1160 (internal citations omitted).

Because the time to amend a complaint has passed, the court first considers the factors under FED. R. CIV. P. 16, then considers the factors under FED. R. CIV. P. 15(a). *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

As discussed above, the record shows plaintiffs were aware of the possibility decedent was not employed by Cloud 9 well before they initiated this action on January 16, 2013. Plaintiffs have not established the requisite good cause for amending their complaint under Rule

16

16. The court finds plaintiffs are also not entitled to amendment under Rule 15(a). Considering defendant's motion for summary judgment was under advisement and the discovery cutoff had passed when plaintiffs filed their motion to amend, the court finds plaintiffs' amendment is sought in bad faith and will produce an undue delay in this litigation that will unfairly prejudice defendant. *See Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991) ("[a] motion for leave to amend is not a vehicle to circumvent summary judgment"), *overruled in part on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 692 (9th Cir. 2001); *Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 806 (1st Cir. 1987) (district court did not abuse its discretion in denying amendment to pleadings where motion for leave to amend was viewed as attempt to avoid an adverse ruling on summary judgment). Plaintiffs' motion to amend the complaint as to defendant is therefore DENIED.

VIII.   CONCLUSION

For the reasons set forth about, IT IS HEREBY ORDERED that:

1. Defendant's March 14, 2014 motion for summary judgment, ECF No. 37, is GRANTED; and

2. Plaintiffs' May 7, 2014 motion to amend the complaint, ECF No. 53, is DENIED.

DATED: May 28, 2014.

UNITED STATES DISTRICT JUDGE