UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULWINDER KAUR, et al., | No. 2:13-cv-89-KJM-EFB |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RAKWINDER SINGH, et al., | |
| Defendants. | |

This matter was before the court on plaintiffs' motion for default judgment against defendant Cloud 9 Logistics ("Cloud 9").[1] Attorney Philip Ganong appeared on behalf of plaintiffs; attorney Grace Nguyen appeared telephonically on behalf of defendant Rakwinder Singh. No appearance was made by defendant Cloud 9. The supporting papers failed to address several issues material to the motion, including the standard for entry of default judgment. Accordingly, at the hearing the court ordered further briefing on the applicable legal standard and as to whether California or Washington law governed this action in light the court's May 28, 2014 order, which applied Washington law in granting defendant Rakwinder Singh's motion for summary judgment. *See* ECF No. 55. Supplemental briefing was filed, ECF No. 84, which remains inadequate to support entry of a default judgment. Accordingly, as explained below, it is recommended that plaintiffs' motion be denied.

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

I. <u>Background</u>

On January 16, 2013, plaintiffs, the heirs of Makhan Singh ("the decedent"), initiated this wrongful death action against defendants Rakwinder Singh and Cloud 9 Logistics ("Cloud 9"). ECF No. 1. The complaint alleges that Cloud 9 is a Washington State business with its principal place of business in Custer, Washington. *Id.* ¶ 9. Although Cloud 9 was located in Washington, it engaged in interstate transportation of goods for hire, which included regular routes into California. *Id.*

In July 2011, the decedent was hired by Cloud 9 as a commercial truck driver. *Id.* ¶¶ 3, 8. On July 21, 2011, the decedent was the passenger in a truck operated by defendant Singh and owned by defendant Cloud 9. *Id*. ¶ 10. While traveling southbound on interstate 5 near Kern County, California, the truck veered off the highway and overturned, killing the decedent. *Id.* Plaintiffs allege Singh's negligent operation of the truck was the cause of the decedent's death. *Id.* ¶¶ 10, 11. Plaintiffs claim that they sought to file a workers compensation death claim, but were informed that there was no workers compensation insurance provided by Cloud 9. *Id.* ¶ 12.

Plaintiffs' complaint alleges a single claim for wrongful death under California Labor Code § 3706 against defendants Singh and Cloud 9. ECF No. 1. According to the return of service for the summons, plaintiff served Maninder Kataria, Cloud 9's agent for service of process, by way of substitute mail service of a copy of the summons and complaint on February 6, 2013. ECF No. 13. Cloud 9 failed to timely file an answer. Plaintiffs requested the entry of Cloud 9's default (ECF No. 35), which the Clerk entered on February 5, 2014 (ECF No. 36). Defendant Singh filed an answer to the complaint. ECF No. 11.

Prior to plaintiff seeking default judgment against Cloud 9, defendant Singh moved for summary judgment on the ground that Washington's workers' compensation statute applies to this action and bars plaintiffs' claim against Singh. ECF No. 37. Singh's motion was granted in a written opinion holding that Washington's Industrial Insurance Act precludes civil causes of action against negligent coworkers for personal injuries suffered during the course of employment. ECF No. 55 at 13-15. Plaintiffs now seek default judgment against Cloud 9, the only remaining defendant. ECF No. 71.

II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)). As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

/////

3

III.    Discussion

Plaintiffs' claim under California Labor Code section 3706 is predicated on the allegation that Cloud 9 failed to secure payment of workers' compensation benefits on the date of the decedent's death. ECF No. 84 at 9-10. Whether plaintiffs should be granted a default judgment on that claim turns on the application of the several *Eitel* factors.

A.    Factor One: Possibility of Prejudice to Plaintiffs

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting default judgment. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Here, plaintiffs would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiffs would be unable to obtain relief for defendant's alleged misconduct.

B.    Factors Two and Three: The Merits of Plaintiffs' Substantive Claims and the Sufficiency of the Complaint

The next two factors present a related inquiry; i.e. whether the facts pleaded in the complaint are legally sufficient to establish liability on plaintiffs' substantive claims. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.

In granting defendant Singh's motion for summary judgment, the court held that because Cloud 9 is a Washington based company and the decedent was killed during the course and scope of his employment with Cloud 9, Washington's Industrial Insurance Act ("WIIA") applies to this action. ECF No. 55 at 13-15. That ruling now governs as to this motion. *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1997) (Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.").

As was previously held in this action, the WIIA "abolished all common-law actions by employees against their employers," leaving workers' compensation as the exclusive remedy for injuries sustained during the course of employment. *Taylor v. Redmond*, 89 Wn.2d 315, 317 (1977) (citing Rev. Code Wash. § 51.04.010). To provide relief for injured workers, the WIIA

4

establishes a system of compulsory state industrial insurance. *Hidahl v. Bringolf*, 101 Wn. App. 634, 640 (2000); RCW § 51.04.060. The state system provides the exclusive remedy for workers injured during the course of their employment and covers "all employments which are within the legislative jurisdiction of the state." *Rothwell v. Nine Mile Falls Sch. Dist.*, 149 Wn. App. 771, 777 (2009) (citing RCW § 51.04.010); RCW § 51.12.010. This includes workers employed in Washington and injured while out of state. *Hilding v. Dep't of Labor & Indus.*, 162 Wash. 168, 174 (1931). "Under Washington's industrial insurance scheme, an employer is immune from civil lawsuits by its employees for non-intentional workplace injuries." *Hidahl*, 101 Wn. App. at 642.

The complaint alleges that the decedent was a commercial truck driver employed by Cloud 9, and that the accident occurred while the decedent was acting within the course and scope of employment. ECF No. 1. ¶¶ 8, 10. Further, plaintiffs allege that the accident was the result of defendant Singh's negligent operation of the truck. *Id.* ¶ 11. Under Washington law, employers are immune from suit by their employees for non-intentional workplace injuries, *see* Wash. Rev. Code. § 51.04.010. The allegations in the complaint fail to allege precisely such a claim against the decedent's employer. Accordingly, they fail to demonstrate that plaintiffs are entitled to relief on their common law claim for wrongful death.

Therefore, the second and third *Eitel* factors weigh against granting plaintiffs' motion for default judgment.

C. Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "[t]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc.*, 219 F.R.D. at 500.

Here, the sum of money at stake is large. Plaintiffs argue that they are entitled to economic damages in the amount of $846,278.00, plus general damages in the amount of $2,153,722.00. ECF No. 71 at 2. Thus, plaintiffs seek a total of $3 million in damages. *Id.* Given the large sum of money at stake, this factor weighs against default judgment.

/////

5

D.     Factor Five: The Possibility of a Dispute Concerning Material Facts

The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default. *See, e.g., Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegation in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

Accepting plaintiffs' allegations as true, there is little likelihood that any dispute concerning material facts exist.

E.     Factor Six: Whether the Default Was Due to Excusable Neglect

The record indicates that Cloud 9's default was not due to excusable neglect. The docket reflects that Cloud 9 was served with a copy of the complaint on February 6, 2013. ECF No. 13. Furthermore, Cloud 9 was served a copy of plaintiffs' application for default judgment. ECF No. 73-1. Accordingly, Cloud 9 has received notice of the instant action, but has declined to appear and defend. Thus, the factor weighs in favor of default judgment.

F.     Factor Seven: The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2009 U.S. Dist. LEXIS 122710, at *18 (N.D. Cal. Dec. 17, 2009); *Hartung v. J.D. Byrider, Inc.*, 2009 U.S. Dist. LEXIS 54415, at *14 (E.D. Cal. June 26, 2009).

Although this factor is not dispositive, it does weigh against entering default judgment. Upon weighing the *Eitel* factors, the court finds that plaintiffs have not demonstrated that they are entitled to default judgment. Significantly, the allegations in the complaint fail to demonstrate plaintiffs' right to relief under Washington's workers' compensation statute, which this court has previously found applicable to this case.

IV.     Conclusion

For the reasons stated above, even with supplemental briefing plaintiffs have yet to demonstrate that they are entitled to default judgment. Accordingly, it is RECOMMENDED that plaintiffs' application for default judgment (ECF No. 71) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 10, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE